**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LORI PARKER,

        Plaintiff,

v.                                               Case No: 6:18-cv-79-Orl-40DCI

ANNETTE EVELINE PARKER, ANNETTE EVELINE PARKER and JOHN IRWIN PARKER, JR.,

        Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Defendants' Motion to Dismiss and to Strike (Doc. 25 (the "**Motion**")). Plaintiff responded in opposition. (Doc. 28). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be granted in part and denied in part.

**I. BACKGROUND**[1]

*Pro se* Plaintiff Lori Parker brings this action to recover an inheritance to which she claims entitlement, but that was fraudulently obtained by Defendants. Plaintiff's father, John Parker ("**Mr. Parker**") held an investment account (the "**Fund**") that passed to Plaintiff by "beneficiary designation" the moment Mr. Parker died on June 1, 2002. (Doc. 1, ¶¶ 7–8, 17). Plaintiff was unaware of the Fund's existence at the time, and the "holders of the Fund" were unaware of Mr. Parker's death, so the "Fund sat dormant for many

---

[1] This account of the facts is taken from the Amended Complaint (Doc. 48). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

years." (*Id.* ¶ 9). Sometime before 2011, Defendants—Annette Parker (Plaintiff's stepmother) and John Parker, Jr. (Plaintiff's brother)—entered into a conspiracy to defraud Plaintiff and claim the Fund for themselves. (*Id.* ¶ 11). The Complaint "estimates" that Defendants wrongfully solicited and received roughly $900,000 in distributions from the Fund within 2012 and 2016 until the Fund was empty. (*Id.* ¶ 13, p. 6 n.4). To do so, Defendants falsely held themselves out as Mr. Parker's only legal heirs and concealed their conspiracy from Plaintiff. (*Id.* ¶¶ 12, 14).

In June 2014, Defendant John Parker, Jr., admitted to Plaintiff that he, along with Annette Parker, converted Plaintiff's inheritance for themselves. (*Id.* ¶ 15). Parker, Jr. seemed remorseful and confessed that he was partially motivated to join the conspiracy by his desire to "give his wife 'her dream.'" (*Id.*).[2] In November 2016, Plaintiff learned she was the "beneficiary of the Fund by" beneficiary designation, not by will. (*Id.* ¶ 17). After her demands for payment were ignored, Plaintiff filed this suit.

The Complaint asserts five Counts against Annette Parker in her individual capacity (*Id.* ¶¶ 19–33), four Counts against Annette Parker in her capacity as "Trustee for the Annette Evelin Parker Trust" (*Id.* ¶¶ 34–42), and five Counts against John Parker, Jr. (*Id.* ¶¶ 43–58). The Counts aver claims for fraud, conversion, fraudulent concealment, civil conspiracy, and fraudulent conveyance. Defendants move to dismiss the complaint and to strike Plaintiff's demand for an injunction and attorney's fees. (Doc. 25).

---

[2] The "dream" Parker, Jr.'s, wife realized is perhaps not the dream Parker, Jr. intended. With the ill-gotten gains, Parker, Jr.'s, wife absconded to Thailand where she bought property in her and another man's name. (*Id.* at p. 4 n.1). Parker, Jr., suspected the other man "might be [his wife's] Thai husband." (*Id.*).

2

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed

3

attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam).[3] Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). Moreover, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action" for a *pro se* party. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. DISCUSSION

### A. The Complaint is a Shotgun Pleading

The Court first addresses the motion to dismiss the Complaint as a shotgun pleading. (Doc. 25, pp. 8–9). In the paragraph preceding the Counts specific to each Defendant, the Complaint "incorporates herein verbatim, and by reference, the entirety of this pleading in support of these counts." (Doc. 1, pp. 5, 8, 10). Because these incorporations render the Complaint an impermissible shotgun pleading, it is due to be dismissed.

The Eleventh Circuit Court of Appeals has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years . . . ." *Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There are numerous varieties of shotgun pleadings, the most common being a pleading "containing multiple counts, where each count adopts the

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

allegations of all preceding counts." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The instant Complaint is a quintessential shotgun pleading, in that all Counts incorporate by reference "the entirety of th[e] pleading." *See id.*; (Doc. 1, pp. 5, 8, 10). As a result, each Count incorporates by reference all other Counts, multiplying the number of Counts asserted and making it impossible for a single Defendant to appropriately respond. In repleading, Plaintiff must incorporate in each Count only the paragraphs necessary to sustain that specific Count. Plaintiff should avoid incorporating the allegations of one Count into another.

The Complaint is therefore due to be dismissed without prejudice. Although Defendants' remaining arguments need not be reached, the Court addresses one more.

### B. The Fraud Claims Likely Violates Rule 9(b)

Defendants also move to dismiss the fraud claims for failure to "state with particularity the circumstances constituting fraud." (Doc. 25, pp. 2–7 (quoting Fed. R. Civ. P. 9(b))). In response, Plaintiff argues that the Complaint "follow[s] the pleading standards required after *Twombly* and *Iqbal*," but does not address Federal Rule of Civil Procedure 9(b). (Doc. 28, p. 2).

Defendants note that to satisfy Rule 9(b), a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

(Doc. 25, pp. 3–4 (quoting *Ziemba v. Cascade Int'l*, 256 F.3d 1194, 1202 (11th Cir. 2001))). The Complaint contains few details regarding the conspiracy or the alleged fraudulent conduct that each Defendant took part in, thus the Complaint likely lacks

adequate detail to satisfy Rule 9(b). *See, e.g.*, *Smith v. Ocwen Fin.*, 488 F. App'x 426, 427–28 (11th Cir. 2012) (per curiam) ("The particularity rule alerts defendants of the 'precise misconduct with which they are charged and protect[s] defendants against spurious charges of immoral and fraudulent behavior.'" (quoting *Ziemba*, 256 F.3d at 1202)).

It bears mentioning that, without discovery, many of the details Defendants demand are beyond Plaintiff's reach. Indeed, the Complaint charges that Defendants secretly conspired to convert Plaintiff's inheritance for their own benefit. The practical consequence of such a scheme is that Plaintiff would not know the details of Defendants' conspiracy. In such circumstances, plaintiffs are entitled extra leeway at the motion to dismiss stage. *See United States v. Baxtern Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant.").

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss and to Strike (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**.
    a. The Motion to Dismiss the Complaint as a shotgun pleading is **GRANTED**.
    b. In all other respects, the Motion is **DENIED**.
2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.
3. On or before **Friday, November 23, 2018**, Plaintiff may file an Amended Complaint.

4. **Plaintiff is cautioned that failure to file an Amended Complaint within the time provided will result in the Court dismissing this case and closing the file without further notice.**

**DONE AND ORDERED** in Orlando, Florida on November 8, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7